J-A20016-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| IN THE INTEREST OF: A.B. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: A.B., A MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1412 WDA 2016 |

Appeal from the Order Entered August 23, 2016
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-JV-0001836-2015

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MUSMANNO, J.

JUDGMENT ORDER BY LAZARUS, J.:                    FILED AUGUST 3, 2018

A.B. appeals from the disposition order of the Court of Common Pleas of Allegheny County following his adjudication of delinquency on charges of involuntary deviate sexual intercourse with a child, aggravated indecent assault of a child, and sexual assault. After our review, we remand with instructions.

Following adjudication, trial counsel did not file post-dispositional motions and, instead, filed a motion to withdraw on September 9, 2016; the court denied the motion, ordered counsel to file a notice of appeal and then seek substitution. Counsel filed a timely appeal on A.B.'s behalf, as well as a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  Counsel again sought to withdraw, and this Court granted counsel's request and remanded for appointment of counsel.

Upon remand, the public defender entered his appearance in this Court and, on February 21, 2017, the public defender sought remand for the filing of post-dispositional motions nunc pro tunc, raising trial counsel's ineffectiveness and a hearing on that matter. This Court remanded the matter, and the trial court held an ineffectiveness hearing on October 17, 2017. At the conclusion of that hearing, the court stated that it would take the matter under advisement and schedule a subsequent proceeding. At that subsequent proceeding, held on February 20, 2018, the court pronounced its findings of fact and conclusions of law, ultimately denying A.B.'s ineffectiveness claim.

Now, in this appeal, A.B. challenges that ruling. However, our review of the briefs and the record indicate that the notes of testimony from the February 20, 2018 proceeding, to which both parties and the trial court refer and which are required for our review, have not been included in the certified record on appeal. The Commonwealth's appellee's brief, filed on June 4, 2018, sought dismissal on grounds the record was incomplete. Thereafter, on June 13, 2018, Appellant filed a Stipulation to Supplement Certified Record on Direct Appeal, signed by both the assistant district attorney and the assistant public defender, to include "[t]he transcript of the ineffectiveness hearing held on October 17, 2017, which is marked and attached as Exhibit A." Stipulation to Supplement Record, 6/13/18, at 2. The October 17, 2017 transcript, however, had already been made part of the record.

By finding waiver for failure to request transcription, which the Commonwealth argues for in its brief, we invite collateral relief and frustrate the interests of justice and judicial economy. We caution appellant, however, that this does not alter the fact that the ultimate responsibility of ensuring that the transmitted record is complete rests squarely upon the appellant and not upon the appellate courts.

Accordingly, we remand this case to the court of common pleas with directions that omissions from the record be corrected and a supplemental record, if available, be certified and transmitted within fourteen (14) days. See Pa.R.A.P. 1926(b)(1); see also Commonwealth v. Preston, 904 A.2d 1, 6–7 (Pa. Super. 2006) (en banc) (under Rule 1926, appellate court may direct omission or misstatement be corrected through filing of a supplemental certified record).

Remanded. Panel jurisdiction retained.